**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| KB Home Phoenix, Inc.  )<br>                        )<br>         Plaintiff,  )<br>   vs.                   )<br>                        )<br>Owners Insurance Company, et al.,  )<br>                        )<br>         Defendants.  )<br>_____) | No. CV-07-1257-PHX-PGR<br><br>ORDER |

Defendant Owners Insurance Company removed this action solely on the basis of diversity of citizenship jurisdiction. Having reviewed defendant's Amended Notice of Removal (doc. #4) to determine if subject matter jurisdiction exists in this Court, the Court finds that the Notice of Removal is facially deficient because it fails to affirmatively set forth the facts necessary for the Court to determine the citizenship of either named party.

As the Supreme Court has long since, and repeatedly, made clear,

> [t]he established rule is that a plaintiff [or removing defendant], suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss [or remand] the case, unless the defect be corrected by amendment.

Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926); accord, Rilling

v. Burlington Northern Railroad Co., 909 F.2d 399, 400 (9th Cir. 1990).

The Amended Notice of Removal merely alleges that the plaintiff "was and now is an Arizona corporation," and that the defendant "was and now is a foreign corporation licensed to do business and is doing business within the State of Arizona." These allegations are insufficient as a matter of law because a corporation is a citizen of the state in which it is incorporated and of the state where it has its principal place of business, 28 U.S.C. § 1332(c)(1), and both must be affirmatively stated in order for diversity of citizenship jurisdiction to be properly alleged. *See* Fifty Associates v. Prudential Insurance Co. of America, 446 F.2d 1187, 1190 (9th Cir. 1970) ("[A]n allegation that a corporation is a citizen of a certain state (without more) is not an allegation of fact, but a mere conclusion of law" that is inadequate to establish diversity jurisdiction.) Furthermore, the diversity-related allegations in the Amended Notice of Removal are inadequate given the jurisdictional allegation in the defendant's answer which states in part that the defendant "is an Ohio corporation, domiciled in the State of Arizona[.]" (Emphasis added).

In order to cure these pleading deficiencies, the defendant shall file a second amended notice of removal that affirmatively sets forth the citizenship of each party. The defendant is advised that its failure to timely comply with this Order shall result in the immediate remand of this action for lack of subject matter jurisdiction. Therefore,

IT IS ORDERED that defendant Owners Insurance Company shall file a second amended notice of removal no later than **August 24, 2007** that properly

/ / /
/ / /

alleges a jurisdictional basis for this action.

DATED this 7th day of August, 2007.

_____
Paul G. Rosenblatt
United States District Judge